**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sony Music Entertainment, a Delaware general partnership; Elektra Entertainment Group Inc., a Delaware corporation; BMG Music, a New York general partnership; Warner Bros. Records Inc., a Delaware corporation; and UMG Recordings, Inc., a Delaware corporation,<br><br>        Plaintiffs,<br>vs.<br>Kristen Anastasia Miernicki,<br>        Defendant. | No. 09-CV-8084-PCT-PGR<br><br>**ORDER** |

Currently before the Court is Plaintiffs' Motion For Default Judgment (Doc. 11). On July 15, 2009, the Clerk of this Court entered the default of Defendant. The default established Defendant's liability to Plaintiffs for copyright infringement, in that Defendant used a specific online media distribution system to copy the copyrighted sound recordings listed on, but not limited to, Exhibit A to the Complaint, and to distribute those recordings to other users of the system. See Complaint ¶ 15. Plaintiffs seek a monetary award of minimum statutory damages as well as a permanent injunction.

Section 504(a) of the Copyright Act provides that "an infringer of copyright is liable for . . . (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a)(2).

Furthermore, 17 U.S.C. § 504(c)(1) provides that "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Evidence of actual damages is irrelevant when faced with a request for statutory damages. Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001), cert. denied, 534 U.S. 1127, 112 S. Ct. 1063 (2002) ("A plaintiff may elect statutory damages regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits.") (citation omitted). When the damages sought are a definite sum or easily computable from the facts alleged in the complaint, an evidentiary hearing is not required. Davis v. Fendler, 650 F.2d 1154, 1161-62 (9th Cir. 1981) (affirming default judgment entered without evidentiary hearing where damages sought were a definite sum). In the pending matter, the minimum statutory damages are easily ascertainable from the Complaint, therefore no evidentiary hearing is necessary on that matter.

Section 502(a) of the Copyright Act specifically provides for injunctive relief in circumstances such as those requiring prevention of continued copyright infringement by a defendant. "Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant . . . final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a); see Pacific & S. Co., Inc. v. Duncan, 744 F.2d 1490, 1499 n.17 (11th Cir. 1984), cert. denied, 471 U.S. 1004, 105 S. Ct. 1867 (1985)(the Copyright Act authorizes a Court to order injunctive relief "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright"). An "injunction is necessary to preserve the integrity of the copyright laws which seek to encourage individual efforts and creativity by granting valuable enforceable rights." Atari, Inc. v. North Am. Phillips Consumer Electrics Corp., 672 F.2d 607, 620 (7th

Cir.), cert. denied, 459 U.S. 880, 103 S. Ct. 176 (1982) (preliminary injunction). Here, as articulated in the Complaint, the Defendant's conduct is causing irreparable injury that cannot fully be compensated by money, and because of the nature of the conduct and the vast abilities of the internet, it is likely that Plaintiffs will suffer continued injury unless the Court enjoins Defendant from continuing to infringe Plaintiffs' copyrights. See Complaint ¶ 20. In copyright cases, irreparable harm is presumed on a showing of a reasonable likelihood of success on the merits. E.g., Micro Star v. Formgen, Inc., 154 F.3d 1107, 1109 (9th Cir. 1998); Atari, Inc., 672 F.2d at 620. ("The only difference in the elements needed for the granting of a permanent, as opposed to a preliminary, injunction is the need to show success on the merits, not merely likelihood of success.") In the case *sub judice*, Plaintiffs need not demonstrate irreparable harm, as the default against Defendants satisfies the element of success on the merits. Sony Music Entm't, Inc. v. Global Arts Prod., 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999) (in copyright infringement case, default establishes liability.)

According to the Complaint, Defendant's infringements were widespread, beyond the few representative examples listed in Exhibit A to the Complaint. See Complaint Ex. A (noting that Defendant was distributing 1978 total audio files at the time of identification.). It is significant to note that Defendant's means of infringement, an online media distribution system with millions of potential users, has placed Plaintiffs' sound recordings in a vulnerable position, susceptible to widespread, repeat, and near-instantaneous infringement. See In re Aimster Copyright Litig., 334 F.3d 643, 646-647 (7th Cir. 2003), cert. denied, 124 S. Ct. 1069; A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013-1014 (9th Cir. 2001); Universal City Studios, Inc. v. Reimerdes, 111 F. Supp. 2d 294, 331-32 (S.D.N.Y. 2000), aff'd, 273 F.3d 429 (2d Cir. 2001)(when digital works are distributed via the Internet, "[t]he process potentially is exponential rather than linear...[It] threatens to produce virtually unstoppable infringement of copyright."). Accordingly,

1 IT IS HEREBY ORDERED that Defendant shall pay statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504 to Plaintiffs for infringement of Plaintiffs' copyrights in the sound recordings listed in Exhibit A to the Complaint, in the total principal sum of Six Thousand Dollars ($6,000.00).

IT IS FURTHER ORDERED that Defendant shall pay Plaintiffs' costs of suit herein in the amount of Four Hundred Ninety Dollars ($ 490.00) pursuant to 17 U.S.C. § 505.

IT IS FURTHER ORDERED that Defendant is hereby enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

    a. "Tequila Sunrise," on album "IV," by artist "Cypress Hill" (SR# 264-715);

    b. "Love Song for No One," on album "Room for Squares," by artist "John Mayer" (SR# 305-049);

    c. "Get Your Freak On," on album "Miss E…So Addictive," by artist "Missy Elliott" (SR# 297-686);

    d. "Impossible," on album "Stripped," by artist "Christina Aguilera" (SR# 326-219);

    e. "Love Song," on album "Disintegration," by artist "The Cure" (SR# 104-305);

    f. "You've Changed," on album "Both Sides Now," by artist "Joni Mitchell" (SR# 275-916);

    g. "Back Then," on album "Who Is Mike Jones?," by artist "Mike Jones" (SR# 374-374);

    h. "Promiscuous," on album "Promiscuous (single)," by artist "Nelly Furtado" (SR# 391-618)

IT IS FURTHER ORDERED that Defendant is hereby enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law as to any sound recording, whether now in existence or created in the future, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"),

including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

DATED this 3rd day of August, 2009.

_____
Paul G. Rosenblatt
United States District Judge